1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE WEAVER,

11           Plaintiff,                    No. CIV S-09-2152 MCE KJM P

12       vs.

13   RIO COSUMNES
     CORRECTIONAL INSTITUTION,
14
             Defendants.              ORDER
15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          In order to avoid dismissal for failure to state a claim a complaint must contain

18  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

19  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

20  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

22  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

25  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

26  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

2

1    (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2    Rhodes, 416 U.S. 232, 236 (1974).

3         Plaintiff alleges that while he was a county jail inmate he was attacked by another

4    inmate while he was on the telephone in the dayroom.  Although he saw the doctor, he was not

5    promptly given medication.  He names as defendants "Captain, Lieutenant, Sergeant,

6    Correctional Officers" and the jail itself.

7         Pre-trial detainees have the right to be protected from violence at the hands of

8    other inmates.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Redman v. County of San

9    Diego, 942 F.2d 1435, 1442 (9th Cir. 1991) (en banc) (pretrial detainees).  It is not clear,

10    however, that petitioner is claiming that jail officials failed to protect him from the other

11    inmate's attack; to state such a claim, he would have to allege facts showing that the official

12    knew of and disregarded the risk of harm to plaintiff.  Id. at 837.

13         An inmate may state a claim under the civil rights act if he alleges that jail

14    officials were indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106

15    (1976); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (Estelle standard applied to pretrial

16    detainees).  It is not clear whether plaintiff is alleging that medication was delayed or denied

17    altogether.

18         Finally, plaintiff has not named those allegedly responsible for the harm.  A

19    plaintiff must connect named defendants clearly with the claimed denial of his rights.  Farmer v.

20    Brennan, at 837, 843 (official's liability for deliberate indifference to assault requires that

21    official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

22    1989) ("liability under section 1983 arises only upon a showing of personal participation by the

23    defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.");

24    Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal

25    connection" in section 1983 cases between named defendant and claimed injury); Barren v.

26    Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply

1   conclusions, that show that an individual was personally involved in the deprivation of his civil

2   rights."). The court cannot determine from the complaint what role anybody played in the

3   alleged deprivation of plaintiff's rights.

4           The court finds the allegations in plaintiff's complaint so vague and conclusory

5   that it is unable to determine whether the current action is frivolous or fails to state a claim for

6   relief. The court has determined that the complaint does not contain a short and plain statement

7   as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading

8   policy, a complaint must give fair notice and state the elements of the claim plainly and

9   succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

10  must allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of

12  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to

13  file an amended complaint, if plaintiff is able to amend while complying with Fed. R. Civ. P. 11.

14          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

16  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

17  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

18  there is some affirmative link or connection between a defendant's actions and the claimed

19  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

20  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

21  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

22  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

25  amended complaint be complete in itself without reference to any prior pleading. This is

26  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

4

1    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3    original complaint, each claim and the involvement of each defendant must be sufficiently

4    alleged.

5                    In accordance with the above, IT IS HEREBY ORDERED that:

6                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7                    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8    The fee shall be collected and paid in accordance with this court's order to the Director of the

9    California Department of Corrections and Rehabilitation filed concurrently herewith.

10                   3.  Plaintiff's complaint is dismissed.

11                   4.  Plaintiff is granted thirty days from the date of service of this order to file an

12   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

14   docket number assigned this case and must be labeled "Amended Complaint"; failure to file an

15   amended complaint in accordance with this order will result in a recommendation that this action

16   be dismissed.

17   DATED: January 20, 2010.

18                                                    _____
                                                      U.S. MAGISTRATE JUDGE
19

20   2
     weav2152.14
21

22

23

24

25

26